UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE PARKS MARTIN,

                    Plaintiff,

        -against-

VNA HEALTH MAIN OFFICE,

                    Defendant.

25-CV-09603 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer discriminated against her based on her age, race, and sex. By order dated December 9, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. See Fed. R. Civ. P. 12(h)(3).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In her complaint, Plaintiff names her former employer, VNA Health Main Office ("VNA"), as a defendant and alleges that VNA discriminated against her based on her age, race, and sex. Plaintiff also checked the boxes on the complaint form, indicating that she was discriminated against based on her race, color, and sex. Plaintiff asserts that she "was not provided adequate training (on-line only)," whereas "other hires were provide in person training." [1] (ECF 1 at 5). According to Plaintiff, her manager, Mrs. Jackson, "was very bias and unprofessional, who set me up for failure based on my age." (*Id.*) Plaintiff alleges she was wrongfully terminated due to the lack of adequate training. (ECF 1 at 6).

## DISCUSSION

### A.    Antidiscrimination statutes

Plaintiff alleges that she was discriminated against based on her age, race, and sex, in violation of the ADEA, Title VII, and Section 1981. These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

*Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

### 1.    The ADEA

The ADEA makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). It also makes it unlawful to retaliate against employees who oppose discriminatory practices barred by the ADEA. *Id.* § 623(d). The statute protects workers who are at least forty years old from discrimination because of their age. *Id.* § 631(a). "To establish a disparate-treatment claim under the plain language of the ADEA…a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Financial Services, Inc*, 557 U.S. 167, 176 (2009).

### 2.    Section 1981

Section 1981 "protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. § 1981(a)). The statute "sets forth a remedy for employment discrimination that is independent of Title VII." *Ofori-Tenkorang v. Am. Int'l Grp., Inc.*, 460 F.3d 296, 300 (2d Cir. 2006). A plaintiff bringing a Section 1981 claim for employment discrimination must plausibly allege sufficient facts to demonstrate that: (1) he is a member of a protected class, (2) he was qualified for his position, (3) he suffered an adverse

employment action, and (4) the adverse action took place under circumstances giving rise to the inference of discrimination. *Ruiz v. Cnty of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). "[A] plaintiff must . . . plead . . . that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

### 3.    Title VII

Title VII provides that

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee who has opposed any practice made unlawful by those statutes, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under the statute. *Id.* § 2000e-3(a).

To state a claim under Title VII, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

### B.    Analysis

The facts alleged in the amended complaint do not give rise to an inference that any Defendant discriminated against Plaintiff because of a protected characteristic. Plaintiff alleges that she was mistreated at work because of her age, but she does not set forth facts suggesting

4

that she was discriminated against or otherwise mistreated *because* of her age. As Plaintiff's assertions of discrimination are not supported by specific facts, they do not support an inference that age was the "but for" cause for the alleged actions taken against Plaintiff and the termination of her employment. Moreover, to the extent Plaintiff seeks to assert claims under Title VII and Section 1981, she does not state any facts in the complaint regarding her race or sex which would suggest discrimination based on either of those characteristics.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

5

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.[2]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-9063 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] At a later stage, Plaintiff must demonstrate that she has exhausted all administrative remedies. As a precondition to filing suit under Title VII and the ADEA, a plaintiff must first exhaust their administrative remedies by filing a claim with the Equal Employment Opportunity Commission ("EEOC"). *Osby v. City of New York*, 633 Fed. Appx. 12, 13 (2d Cir. 2016).

6

SO ORDERED.

Dated:    January 13, 2026
          New York, New York

                                          _Louis L. Stanton_
                                          Louis L. Stanton
                                          U.S.D.J.