UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE PARKS MARTIN,

                Plaintiff,

      -against-

VNS HEALTH MAIN OFFICE,

                Defendant.

25-CV-9603 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action against VNS Health Main Office

("VNS") under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§

621-634; 42 U.S.C. § 1981; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.

§§ 2000e to 2000e-17. She alleges that VNS discriminated against her based on her age and

race.[1] The Court construes Plaintiff's complaint as also alleging claims under the New York State

Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law,

N.Y.C. Admin. Code §§ 8-101 to 131. By order dated December 9, 2025, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

### DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] By order dated January 14, 2026, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on January 28, 2026 (ECF No. 6), which is the operative pleading.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on VNS through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for VNS. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon VNS.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to mail Plaintiff an information package.

The Clerk of Court is also instructed to issue a summons for the Defendant, complete the USM-285 form with the address for the Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:    February 17, 2026
          New York, New York

_____
J. PAUL OETKEN
United States District Judge

2

**SERVICE ADDRESS FOR DEFENDANT**

VNS Health Main Office
220 East 42nd Street, 6th Floor
New York, NY 10017