UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE PARKS MARTIN,
Plaintiff,

-v-

VNS BEHAVIORAL HEALTH,
Defendant.

25-CV-9603 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Joyce Parks Martin, proceeding *pro se*, filed this action against VNS Behavioral Health ("VNS"),[1] bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*; the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin Code § 8-101, *et seq.*; and 42 U.S.C. § 1981. (*See generally* ECF No. 6.)[2] Before the Court is Defendant's motion to dismiss. (ECF No. 16.) For the reasons that follow, the motion is granted.

## I. Background

The following facts are drawn from Martin's amended complaint (ECF No. 6 ("Compl.")) and opposition to the motion to dismiss (ECF No. 24 ("Opp.")), and they are presumed true for purposes of this opinion. *See Elliott v. Nestle Waters N. Am. Inc.*, No. 13-CV-

[1] The Clerk of Court is respectfully requested to update the caption to reflect Defendant's correct name. (*See* ECF No. 17 at 5.)

[2] While Martin does not affirmatively raise claims under the NYSHRL and NYCHRL, where a *pro se* plaintiff's factual allegations support claims under "well-known" provisions of state law, a court must construe the complaint as asserting claims under those laws, "regardless of [her] failure to check the appropriate blank on a form complaint." *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017).

6331, 2014 WL 1795297, at *7 (S.D.N.Y. May 6, 2014) ("[T]he policy reasons favoring liberal construction of *pro se* complaints permit a court to consider allegations of a *pro se* plaintiff in opposition papers on a motion where . . . those allegations are consistent with the complaint." (quotation marks omitted)). All reasonable inferences are drawn in Martin's favor. *See Fink v. Time Warner Cable*, 714 F.3d 739, 740-41 (2d Cir. 2013).

Martin is a Black woman who was born in 1969 and who was employed at VNS Health Main Office. (Compl. at 3-4.) Her hiring and training manager was Chanbria Jackson. (*Id.* at 6.) Jackson offered Martin only virtual training, whereas she saw younger, non-Black employees receive face-to-face training when she went into the office to pick up her work cell phone and computer. (*Id.*; ECF No. 24 ("Opp.") at 2) When Martin requested in-person training, Jackson used the sole session offered to discuss Jackson's own accomplishments. (Compl. at 6.) Martin was also offered a work assignment at a hospital in Harlem that was later given to a younger, non-Black person. (Opp. at 2.) Finally, Martin was subjected to a rigorous physical (that she passed), during which several pints of blood were taken from her for donation, she was fitted for an N-95 mask, and she was forced to inhale chemicals unnecessarily. (Compl. at 6-7.)

Martin, who proceeds *pro se*, initially filed a complaint in this action on November 17, 2025. (ECF No. 1.) She later amended her complaint. (Compl.) VNS filed its motion to dismiss on June 1, 2026 (ECF No. 16), along with an accompanying memorandum of law (ECF No. 17 ("Mem.")). Martin opposed this motion on September 17, 2026 (Opp.), to which VNS replied on October 2, 2026 (ECF No. 25).

## II. Legal Standard

Though "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," her "complaint must state a plausible claim for relief." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to make "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised" does not comply with Rule 8(a)(2). *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (quotation marks omitted). Rule 8(d)(1) further provides that "[e]ach allegation must be simple, concise, and direct." While *pro se* complaints are afforded liberal construction, dismissal "is nevertheless appropriate where a [*pro se*] plaintiff has clearly failed to meet minimum pleading requirements." *Paul v. Bailey*, No. 9-CV-5784, 2010 WL 3292673, at *4 (S.D.N.Y. July 21, 2010), *report and recommendation adopted*, No. 9-CV-5784, 2010 WL 3292672 (S.D.N.Y. Aug. 18, 2010).

Rule 12(b)(6) authorizes a district court to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a 12(b)(6) motion to dismiss, the complainant must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the court cannot "infer more than the mere possibility of misconduct" from the "well-pleaded facts," dismissal is warranted. *Id.* at 679. The Court must accept all well-pleaded factual allegations as true, but need not do the same for "mere conclusory statements." *Id.* at 678-79.

## III. Discussion

Martin's complaint may be construed as raising claims under Title VII, the ADEA, the NYSHRL, the NYCHRL, and Section 1981. The Court addresses these claims in turn.

**A. Title VII and ADEA**

"Under Title VII and the ADEA, a plaintiff can sue in federal court only after filing timely charges with the EEOC." *McPherson v. N.Y.C. Dep't of Educ.,* 457 F.3d 211, 213 (2d Cir. 2006) (citing 29 U.S.C. § 626(d) and citing 42 U.S.C. § 2000e-5(f)(1)). A plaintiff seeking to file a Title VII claim in federal court must first obtain a right-to-sue letter from the EEOC, and she must file her federal Title VII claim within ninety days of receipt of said letter. 42 U.S.C. § 2000e-5(f). A plaintiff alleging claims under the ADEA must also file a charge with the EEOC and wait sixty days before filing in federal court; she need not wait for a right-to-sue letter. 29 U.S.C. § 626(d)(1). Here, Martin explicitly admits that she has not filed a charge of race and/or age discrimination with the EEOC or any other government agency, let alone received a Notice of Right to Sue from the EEOC. (Compl. at 7.) Her opposition to VNS's motion to dismiss is silent on VNS's accusations that this failure is fatal to these claims. (*See generally* Opp.; *see* Mem. at 11-13.) While a *pro se* complaint must be read "liberally to raise the strongest arguments that [it] suggest[s]," the Court cannot "invent" a charge with the EEOC or another agency where there is none, and especially not so where the *pro se* plaintiff has explicitly pled to the contrary. *Wicks v. Westfair Elec. Co.*, No. 19-CV-10673, 2021 WL 217318, at *3 (S.D.N.Y. Jan. 20, 2021) (quotation marks omitted).

Martin does not allege exactly when the alleged discriminatory actions took place. (*See generally* Compl., Opp.) But even assuming the closest discriminatory event was as recent as the date of her initial complaint—November 17, 2025—she has provided no reason why she failed to file a charge with the EEOC within 300 days as required. While Title VII's time limits are "analogous to a statute of limitations, and [are], therefore, considered subject to waiver, estoppel, and equitable tolling," *Downey v. Runyon,* 160 F.3d 139, 146 (2d Cir. 1998), Martin has offered no justification for equitably tolling her claims—for instance, that she was "induced or tricked by

[her] adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990); *see also Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (equitable tolling may apply when the plaintiff has been "prevented in some extraordinary way from exercising his rights").

This issue disposes of her Title VII and ADEA claims. "Although administrative exhaustion is not a strict jurisdictional bar, it is a waivable precondition with which defendants are entitled to insist that plaintiffs comply." *Waithe v. City of New York*, No. 16-CV-5510, 2017 WL 4220466, at *2 (S.D.N.Y. Sep. 21, 2017) (quotation marks omitted). Here, VNS has explicitly raised Martin's failure to exhaust as an anticipated affirmative defense. (*See* Mem. at 11-13; ECF No. 25 at 2-3.) VNS has met its "burden to prove that plaintiff did not exhaust her administrative remedies in a timely manner" since it is "apparent[] from the face of the complaint that the EEOC charge was not timely filed"—or, as here, not filed at all. *Barrett v. Forest Lab'ys, Inc.*, 39 F. Supp. 3d 407, 456 (S.D.N.Y. 2014) (cleaned up). Martin's Title VII and ADEA claims must be dismissed for failure to timely exhaust her administrative remedies.

**B. Section 1981, NYSHRL, and NYCHRL**

Section 1981 does not require exhaustion of administrative remedies. *See Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976) (per curiam). The same goes for the NYSHRL and NYCHRL. *See Hernandez v. N.Y.C. Dep't of Corp. Counsel*, No. 94-CV-9042, 1997 WL 27047, at *10 (S.D.N.Y. Jan. 23, 1997). The Court thus analyzes these claims on the merits.

To state a claim for race or age discrimination, Martin must plausibly allege that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discriminatory intent. *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (race); *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 52 (S.D.N.Y. 2019) (age).

Claims under Section 1981, the NYSHRL, and the NYCHRL are all "analyzed under th[is] same standard." *McKinney v. Cnty. of Dutchess*, No. 24-1195, 2025 WL 1499364, at *2 (2d Cir. May 27, 2025) (summary order) (Section 1981); *see also Hyek v. Field Support Sem., Inc.*, 461 F. App'x 59, 60 (2d Cir. 2012) (summary order) (NYSHRL); *Harriram v. City Univ. of N.Y.*, No. 22-CV-9712, 2026 WL 801900, at *6 (S.D.N.Y. Mar. 23, 2026) (NYCHRL).

While Martin alleges that she belongs to several protected classes, nowhere does she allege that she was qualified for her position. And while she alleges that VNS denied her training it afforded to younger, non-Black employees and gave a younger, non-Black employee a hospital shift that was previously offered to her, she does not offer sufficient allegations to permit a plausible inference of discriminatory intent. *See Offor v. Mercy Med. Ctr.*, 676 F. App'x 51, 53 (2d Cir. 2017) (summary order) (affirming dismissal where plaintiff "allege[d] no facts to show that [defendants] were driven by discriminatory animus"). For instance, she does not allege that these employees were similarly situated to her, such as by having the same job title and/or job duties. *See Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010) (a comparator must be "similarly situated to the plaintiff in all material respects," including by being "engaged in comparable conduct" (quotation marks omitted)). Jackson also provides no context for the physical she mentions in both her amended complaint and her opposition, including, for instance, that younger, non-Black employees were not subjected to such a physical. Her "fail[ure] to identify any adequate comparators" means this allegation cannot "support an inference of discriminatory treatment." *Augustine v. Cornell Univ.*, No. 14-CV-7807, 2018 WL 1474402, at *10 (S.D.N.Y. Mar. 26, 2018) (granting summary judgment to defendants on plaintiffs' § 1981 and NYCHRL discrimination claims), *aff'd sub nom. Brown v.*

*Cornell Univ.*, 758 F. App'x 226 (2d Cir. 2019). Martin's allegations are too conclusory to support a claim of discrimination.

## IV. Leave to Amend

Martin is granted leave to amend her complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[T]he court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."). Martin may file an amended complaint within four weeks of the date of this Memorandum and Order. Martin may also file a letter within that time indicating that she does not plan to amend her complaint, at which point the Court will enter final judgment, permitting an appeal. Failure to file an amended complaint or this letter within that time will result in entry of final judgment of dismissal.

## V. Conclusion

For the foregoing reasons, VNS's motion to dismiss is GRANTED. Martin's complaint is dismissed without prejudice. Martin is granted leave to amend her complaint, provided that any amended complaint must be filed within four weeks of the date of this Memorandum and Order.

The Clerk of Court is directed to close the motion at Docket Number 16 and to correct the caption on ECF as indicated in footnote 1.

SO ORDERED.

Dated: October 26, 2026
New York, New York

J. PAUL OETKEN
United States District Judge